# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1125V
Filed: July 23, 2019
UNPUBLISHED

|  |  |
|---|---|
| THIDA PHANN,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Gary Charles Grotz*, Gary Grotz Law Firm, Seattle, WA, for petitioner.
*Sarah Christina Duncan*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On August 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered Guillain-Barre Syndrome ("GBS") as a result of her November 5, 2014 influenza ("flu") immunization. Petition at 1. On February 25, 2019, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 38.

On April 10, 2019, petitioner filed a motion for attorneys' fees and costs. ECF No. 41. Petitioner requests attorneys' fees in the amount of $12,060.00 and attorneys'

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

costs in the amount of $5,969.85.  *Id.* at 5-6.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.  ECF No. 44.  Thus, the total amount requested is $18,029.85.

On April 19, 2019, respondent filed a response to petitioner's motion.  ECF No. 43.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

Petitioner has filed no reply.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission."  *Hensley*, 461 U.S., at 434.

2

## II.     Attorney Fees

### A.  Hourly Rate

Petitioner requests the rate of $300 per hour for all time billed by his attorney Gary Grotz.  Mr. Grotz has been a licensed attorney in the state of Washington for over 30 years.  The undersigned finds the requested rate reasonable and awards it herein.

### B.  Non-Compensable Billing

The undersigned does find it necessary to reduce Mr. Grotz' requested hours for tasks that are not compensable, including: time spent preparing and applying for admission to the United States Court of Federal Claims Bar.[3]  Fees and costs related to counsel's bar admission are not compensable.  *Raymo v. Sec'y of Health & Human Servs.*, No. 11–654V, 2016 WL 7212323, at *24 (Fed. Cl. Spec. Mstr. Nov. 2, 2016), *mot. for rev. denied*, 129 Fed. Cl. 691 (2016).

- May 29, 2015 (0.10 hrs) "Correspondence to the State Supreme Court"
- June 15, 2015 (0.50 hrs) "Petitioner for admission to practice U.S. Court of Appeals"

ECF No. 41 at 2.[4]

The undersigned reduces the request for attorney's fees by **$240.00**[5], the total amount of the tasks billed that are non-compensable.

## III.     Attorney Costs

Like attorney's fees, a request for attorney's costs must be reasonable.  *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).  Petitioner requests a total reimbursement of costs in the amount of $5,969.85, which includes charges for medical records, filing the petition, and postage charges.  However, the undersigned finds it necessary to reduce the request for the reasons listed below.

### i.     Non-Compensable Costs

The cost for admission to the United States Court of Federal Claims Bar is non-compensable.  *Raymo v. Sec'y of Health & Human Servs.*, 2016 WL 7212323, at *24 (denying costs associated with obtaining counsel's certificate of good standing from the

---

[3] Mr. Grotz billed his time as admission to practice in the US Court of Appeals, however, he was referring to his admission to the U.S. Court of Federal Claims.

[4] These are examples and not an exhaustive list.

[5] This amount consists of 0.8 hrs x $300 per hour = $240.00.

State Supreme Court); *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-97V, 2004 WL 784910, at *15 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the USCFC bar is not recoverable). Costs related to Mr. Grotz's admission to the Federal Claims Bar include:

- Washington Supreme Court Certificate of Good Standing – ($5.00)
- U.S. Court of Federal Claims Admission to Practice – ($276.00)

ECF No. 41 at 6.

Petitioner also requests reimbursement of $153.00 in costs for "Faxes." *Id.* The court has previously considered charges regarding a fax machine "to be subsumed in the hourly rate as part of office 'overhead' and thus not compensable." *Ceballos v. Sec'y of Health & Human Servs.,* 2004 WL 784910, at *14*, Wilcox,* 1997 WL 74664 at * 2; *Coats v. Secretary of HHS,* No. 91–504V, 1999 WL 94924, at * 3 (Fed.Cl.Spec.Mstr. Jan. 29, 1999); *Barnes v. Secretary of HHS,* No. 90–1101V, 1999 WL 797468, at *6 (Fed.Cl.Spec.Mstr. Sept. 17, 1999), 2017. Reimbursement for this cost is denied.

Accordingly, the undersigned reduces the total request for attorney costs in the amount of **$434.00**, the total of counsel's costs that are considered non-compensable.[6]

### IV. Conclusion

Based on the reasonableness of petitioner's request, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $17,355.85[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Gary Charles Grotz.**

The clerk of the court shall enter judgment in accordance herewith.[8]

---

[6] This amount consists of $276.00 + $5.00 + $153.00 = $434.00.

[7] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
